Mark T. Lavery (Pro Hac Vice)
1100 W. Cermak, Suite B410
Chicago, IL 60608
312-508-5480
mark@lifetimedebtsolutions.com

✓ FILED ___ LODGED
___ RECEIVED ___ COPY
DEC 23 2014
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ B DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Cervantes<br><br>Plaintiff,<br><br>v.<br><br>Penn Credit Corporation<br>  Defendant. | Case No.<br><br>**CV-14-02762-PHX-BSB**<br><br>COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Miguel Cervantes, ("Miguel"), is a natural person who resided in Phoenix, Arizona, at all times relevant to this action.

2. Defendant, Penn Credit Corporation, ("PCC"), is a Pennsylvania Corporation that maintained its principal place of business in Harrisburg, Pennsylvania.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because the events giving rise to this action occurred in this District.

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE 5.4 /7.1(6)(1)
(Rule Number/Section)

## STATEMENT OF FACTS

5. PCC uses a predictive dialer system.

6. On its website, PCC states, "Our approach to 'Primary Collections' incorporates predictive dialing, loop collections and electronic messaging and/or our 'Triangle of Success'. This blending ensures maximum coverage of the account from the time of placement until it is returned."

7. Before PCC began contacting Miguel, it and Miguel had no prior business relationship and Miguel had never provided express consent to PCC to be contacted on his cellular telephone.

8. PCC regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of PCC's revenue is debt collection.

10. PCC is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. As described, *infra*, PCC contacted Miguel using its automated dialing telephone system to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. Miguel is a "consumer" as defined by 15 U.S.C. §1692a(3).

14. Around February 2014, PCC began contacting Miguel on Miguel's cellular phone in connection with the collection of the debt.

15. During one communication, around March 2014, Miguel communicated that he wanted PCC cease further calls to Miguel.

16. Despite this request, PCC continued to call Miguel on Miguel's cellular phone as recently as October 2014.

17. On more than one occasion, Miguel communicated that he wanted PCC to cease further calls to Miguel.

18. Around the end of September 2014, Miguel notified PCC that Miguel retained legal counsel.

19. Despite this notice, PCC contacted Miguel on Miguel's cellular phone in connection with the collection of the debt on or around October 7, 2014.

20. During this communication, Miguel again notified PCC that Miguel retained legal counsel.

21. PCC attempted to collect a debt from Miguel.

22. PCC violated the FDCPA and the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Violations of the Telephone Consumer Protection Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent. See *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Lavery Law Firm, LLC


By:___/s/ Mark T. Lavery_____
One of Plaintiff's Attorneys

Mark T. Lavery
1100 W. Cermak, Suite B410
Chicago, IL 60608
312-508-5480
mark@lifetimedebtsolutions.com